UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ROMOY FORBES, )<br>)<br>Defendant )<br>)<br>) | Criminal No. 26-40010-MRG |

**REPORT IN LIEU OF FINAL STATUS CONFERENCE**
**PURSUANT TO LOCAL RULE 116.5(c)**

August 4, 2026

Hennessy, M.J.

Defendant is charged in an indictment with one count of Conspiracy to Commit Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § 371; and one count of Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § 2314. Defendant was arraigned by videoconference on April 7, 2026, and elected to proceed under the automatic discovery rules. I scheduled a final status conference for August 4, 2026; however, prior to August 4, the parties submitted a joint memorandum which obviates the need for the conference. I report as follows:

**Local Rule 116.5(c)(2) through (4)**

The parties move for a pretrial conference before the district judge in order to schedule a trial date. The motion is granted and the file is ordered transferred to Judge Guzman. As the

parties are engaged in plea discussions, they seek time before the pretrial conference to determine whether the case will be resolved by a plea.

(a) United States produced automatic discovery. It does not intend to produce further discovery, other than 21-day materials.

(b) All discovery requests and discovery motions have been resolved.

(c) Defendant does not anticipate filing pretrial motions pursuant to Fed. R. Crim. P. 12(b).

(d) The Court has excluded the period from April 7, 2026 (the date of Defendant's arraignment), through August 4, 2026 (the date of the Final Status Conference). The parties agree that the period from the Final Status Conference through the pretrial conference before Judge Guzman should be excluded under the interest of justice provision of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). I will allow that request and enter a separate written order. It appears that four days (from the filing of the indictment on April 2, 2026 to the arraignment) are chargeable against the statutory speedy trial clock. <u>See</u> Order of Excludable Delay entered on this date.

(e) Trial, if necessary, would require six days.

**Local Rule 116.5(c)(3)**

Defendant is released on conditions. He does not require the services of an interpreter.

I have adopted the parties' proposal that the Government's expert disclosures, if any, shall be due forty-five (45) days before trial and Defendant's expert disclosures, if any, shall be due twenty-one (21) days before trial.

Defendant does not intend to raise defenses of insanity, public authority, or alibi.

The Court has not entered a protective order.

The parties are engaged in plea discussions.

/ s / David H. Hennessy
David H. Hennessy
United States Magistrate Judge